UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER LORCH,

    Plaintiff,

v.   Case No.:  2:25-cv-718-SPC-NPM

LEE DIXON *et al.*,

    Defendant.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Christopher Lorch's Amended Complaint (Doc. 6).  Lorch is an involuntarily committed resident of the Florida Civil Commitment Center, and he sues four FCCC officials under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Lorch leave to proceed *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

    Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Lorch filed substantially similar claims in *Lorch v. Masters*, M.D. Fla. Case No. 2:22-cv-54-JLB-KCD.  That action was consolidated with the cases of two other FCCC residents and is currently pending as *Newberg v. GEO Group, Inc.*, M.D. Fla. Case No. 2:20-cv-646-KCD-NPM.  The court in that case dismissed Lorch's claims for monetary damages against the individual defendants because he did "not provide specific dates or descriptions of the circumstances surrounding any defendant's allegedly unconstitutional

actions." *Newberg v. Wellpath Recovery Solutions*, No. 2:20-cv-646, 2024 WL 4212970, at *6 (M.D. Fla. Sept. 17, 2024). That dismissal was without prejudice, so Lorch may pursue his claims for monetary damages in this action.

But as in the prior case, Lorch's allegations are too vague. He claims that over the past five years, the defendants have refused him access to religious grounds and "various spiritual/religious items & texts." (Doc. 6 at 5). Such vague and conclusory allegations do not satisfy the *Iqbal/Twombly* federal pleading standards summarized above. To proceed on his claims, Lorch must plead with specificity how and when each defendant impeded his religious exercise.

Accordingly, Lorch's Amended Complaint (Doc. 6) is **DISMISSED without prejudice**. Lorch may file a second amended complaint by October 14, 2025. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on September 23, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3